UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RANDALL G. STEPHENS, | ) | CASE NO. 1:09 CV 1219 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNION CARBIDE CORPORATION, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 28, 2009, pro se plaintiff Randall G. Stephens filed this civil action against Union Carbide Corporation ("Union Carbide"), Union Carbide President Dr. William H. Joyce, the law firm Squire, Saunders & Dempsey, Attorney Kelly S. Lawrence, and Squire, Saunders & Dempsey Chief Financial Officer Charna Sherman. In the complaint, plaintiff alleges he was denied Workers' Compensation and Social Security benefits for an injury sustained in 1969. He seeks rehearing on the issue of benefits

**Background**

Mr. Stephens was employed by Union Carbide when he sustained an injury to his left knee on October 14, 1969. He underwent surgery on his knee in 1970. At that time, he also applied for Workers' Compensation benefits. He returned to work in January 1971. Later that year, he was deemed to have a temporary partial disability and was granted Workers' Compensation benefits. In 1972, additional surgery was recommended. He missed time from work due to

continuing problems with his knee. Union Carbide informed Mr. Stephens in 1972 that he could no longer take time off from work for his 1969 injury. He was terminated in August 1972.

With the recommendation of a second surgery, Mr. Stephens applied for Social Security disability benefits in January 1974. His application was denied. He attempted an amendment to his Workers' Compensation award to cover the second surgery but that request was also denied. Mr. Stephens appealed the denial of Social Security benefits, but his request was unsuccessful. Nevertheless, Mr. Stephens had the second surgery in 1976. Although his complaint is not clear on this point, it appears that Mr. Stephens was successful in obtaining Social Security benefits after this surgery. Those benefits continued until Mr. Stephens received a notice from the Social Security Administration in 1982 informing him that his benefits were being terminated based on a determination that Mr. Stephens could obtain gainful employment. His appeal of that decision was denied in 1982.

Ten years later, in May 1993, Mr. Stephens renewed his efforts to receive Social Security Disability benefits. He filed an action in the United States District Court for the Northern District of Ohio seeking restoration of his Social Security benefits. See Stephens v. Shalala, No. 1:93 CV 1056 (N.D. Ohio filed May 18, 1993)(Krupansky, J.) On June 6, 1995, this Court gave judgment in favor of the Secretary and against the plaintiff. Mr. Stephens filed post-judgment motions and an appeal to the United States Sixth Circuit Court of Appeals. None of these were successful for the plaintiff.

After exhausting his administrative applications and appeals, Mr. Stephens filed numerous civil lawsuits in an attempt to reinstate his benefits. He filed a tort action in the Cuyahoga County Court of Common Pleas in 1998. See Stephens v. Union Carbide Corp., No. CV-

98-368818 (Burnside, J.). That action was dismissed without prejudice. He refiled the action, and it was dismissed with prejudice. See Stephens v. Union Carbide Corp., No. CV-99-383935. He appealed those decisions to the Ohio Eighth Circuit Court of Appeals and the United States Supreme Court but was unsuccessful in obtaining reinstatement of his benefits.

Thereafter, Mr. Stephens renewed his effort for benefits in federal court. He filed a civil rights action in 2003 against Union Carbide and Judge Burnside claiming the defendants conspired to deny him benefits. See Stephens v. Union Carbide, No. 1:03 CV 1483 (N.D. Ohio filed July 17, 2003)(Aldrich, J.). That action was dismissed by United States District Judge Ann Aldrich on September 4, 2003. Mr. Stephens appealed that decision to the United States Sixth Circuit Court of Appeals on October 9, 2003. The District Court's decision was affirmed on November 8, 2004. Mr. Stephens's Motions for Relief from Judgment, filed in October 2005, November 2005, and February 2008, were also denied.

While his Motions for Relief from Judgment were pending, Mr. Stephens filed a new action against the Commissioner of Social Security seeking to reopen the 1982 decision terminating his benefits. See Stephens v. Commissioner of Social Security, Case No. 1:05 CV 2715 (N.D. Ohio filed Nov. 18, 2005)(Gwin, J.) On June 20, 2006, that case was dismissed for failure to state a claim upon which relief could be granted. Mr. Stephens appealed that decision to the Sixth Circuit. This Court's decision was upheld. He filed a Motion for Reconsideration in August 2007. It was denied. He attempted to reopen the case in April 2009. That Motion was denied. He filed a Motion for Relief from Judgment pursuant to Rule 60(b). That Motion was denied on July 10, 2009. Mr. Stephens filed another Motion for Relief from Judgment on July 17, 2009. That Motion was denied on July 21, 2009.

Mr. Stephens filed a second civil rights action in 2006. This action, <u>Stephens v. the State of Ohio</u>, No. 1:06 CV 88 (N.D. Ohio filed Jan. 13, 2006)(Polster, J.), was brought against the State of Ohio and the Bureau of Workers' Compensation seeking Workers' Compensation benefits. It was dismissed for failure to state a claim upon which relief could be granted on February 8, 2006. Mr. Stephens did not appeal that decision.

Instead, Mr. Stephens filed a civil lawsuit in the United States District Court for the District of Columbia on June 13, 2008. <u>See</u> <u>Stephens v. Astrue</u>, No. 1:08 CV 1019 (D.D.C. filed June 13, 2008)(Walton, J.) Once again, Mr. Stephens sought to reopen his Social Security disability case and reverse various orders issued by the United States District Court for the Northern District of Ohio. The Court dismissed the case <u>sua sponte</u> and denied all pending Motions on January 12, 2009.

Undeterred, Mr. Stephens has filed the within action, claiming he was unfairly denied Social Security and Workers' Compensation benefits, and asking the court to hold an evidentiary hearing on the petition, and set the matter for a jury trial. He also seeks:

> all rights to title(s), trust deed(s) and mortgage(s) in the leading industrial state of the United States, 41,222 square miles in area, bounded on the south by the Ohio River, and on the north by Lake Erie and on the west by the State of Indiana and on the east by the State of Pennsylvania admitted to the Union in 1803 covering the transaction which transpired out of the Bureau of Workers' Compensation and Industrial Commission of Ohio the Social Security Administration Agencies, as well as any and all personal property and any other relief as the Court deems Equitable in accordance with the Administration of Justice... .

(Compl. at 16.)

## Analysis

While <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364,

4

365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

It is apparent Mr. Stephens has litigated the denial of Social Security and Workers' Compensation benefits many times over many years. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Stephens is therefore precluded from litigating this matter for a seventh time.

## Vexatious Litigation

In addition, it is apparent that unless enjoined by this Court, Mr. Stephens will continue to file additional lawsuits to challenge the denial of social security benefits. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069,

1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[1]

Mr. Stephens has established a pattern of filing complaints in this Court which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. Accordingly, Randall G. Stephens is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

---

[1] Other circuits have endorsed enjoining these types of filers. See Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

      3.    By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

      4    As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Stephens prior to him obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Stephens files, unless and until leave is granted.

## Conclusion

Accordingly, this action is dismissed. Furthermore, Mr. Stephens is enjoined from

filing any new lawsuits or other documents without seeking and obtaining leave of court as set forth in the Memorandum of Opinion and Order. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.


Dated: July 31, 2009                      *s/    James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE