UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RANDALL G. STEPHENS, | : | CASE NO. 09-cv-1219 |
| Plaintiff, | : | ORDER |
| | : | [Related Doc. 9] |
| v. | : | |
| DOW CHEMICAL COMPANY et al., | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In 1969, Plaintiff Randall Stephens sustained a workplace injury to his knee while working for Union Carbide Chemical Company.[1] In 1970, he received Workers' Compensation benefits for that injury and underwent knee surgery.[2] In 1971, Stephens was advised to undergo a second knee surgery.[3] He did not undergo the second surgery right away. Instead, in 1974, he applied for Social Security disability benefits and was denied.[4] He also applied for an extension of his Workers' Compensation award to cover the second surgery but was again denied.[5] Finally, in 1976, he underwent the second surgery, and was at some point successful in obtaining Social Security disability benefits.[6]

Stephens continued to receive disability benefits until 1982, when the Social Security Administration determined that Stephens could obtain gainful employment.[7] That

---

[1] Doc. 5 at PageID #: 90.
[2] *Id.*
[3] *Id.*
[4] *Id.* at PageID #: 91.
[5] *Id.*
[6] *Id.*
[7] *Id.*

Case No. 09-cv-1219
GWIN, J.

same year, Stephens unsuccessfully appealed the Social Security Commissioner's decision to end his benefits.[8]

In 1993, Stephens renewed his efforts to restore his benefits by filing an action before this Court. His suit was unsuccessful, as were his post-judgment motions and his appeal to the Sixth Circuit.[9]

Rather than accept the Sixth Circuit's ruling, Stephens proceeded to file an array of duplicative, claim-precluded, and frivolous lawsuits over the next three decades, all in a futile attempt to restore his disability benefits.

In 2009, this Court determined that Stephens was a vexatious litigant and enjoined him from filing further lawsuits or other documents without first seeking leave of court.[10]

On March 16, 2023, Stephens filed a pro se motion for leave to file before this Court.[11] But Stephens's motion consists primarily of a summary of the procedural posture of his case; citations to cases stating general rules regarding motion practice or Social Security appeals; and vague descriptions of his general constitutional right to freedom of contract.

The Court is unable to discern what cause of action Stephens seeks leave to file. So, the Court ORDERS Stephens to re-file his motion for leave to file within the next 30 days. Stephens is ORDERED to file a motion no longer than 5 pages that clearly explains who he asks to sue; explains what general legal claim he wants to make against each person he seeks to sue; explain what statute or common-law rule gives him a claim against each party he seeks to sue; and explain what relief or remedy he seeks.

IT IS SO ORDERED.

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at PageID #: 95.
[11] Doc. 9.

- 2 -

Case No. 09-cv-1219
GWIN, J.

Dated:
May 3, 2023

*s/      James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE