UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| RANDALL G. STEPHENS, | : | CASE NO. 09-cv-1219 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 12. 13] |
| v. | : | |
| | : | |
| DOW CHEMICAL COMPANY | : | |
| et al., | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

As this court has previously summarized, in 1969, Plaintiff Randall Stephens sustained a workplace injury to his knee while working for Union Carbide Chemical Company.[1] In 1970, he received Workers' Compensation benefits for that injury and underwent knee surgery.[2] In 1971, Stephens was advised to undergo a second knee surgery.[3] He did not undergo the second surgery right away. Instead, in 1974, he applied for Social Security disability benefits and was denied.[4] He also applied for an extension of his Workers' Compensation award to cover the second surgery but was again denied.[5] Finally, in 1976, he underwent the second surgery, and was at some point successful in obtaining Social Security disability benefits.[6]

Stephens continued to receive disability benefits until 1982, when the Social Security Administration determined that Stephens could obtain gainful employment.[7] That

---

[1] Doc. 5 at PageID #: 90.
[2] *Id.*
[3] *Id.*
[4] *Id.* at PageID #: 91.
[5] *Id.*
[6] *Id.*
[7] *Id.*

Case No. 09-cv-1219
GWIN, J.

same year, Stephens unsuccessfully appealed the Social Security Commissioner's decision to end his benefits.[8]

In 1993, Stephens renewed his efforts to restore his benefits by filing an action before this Court. His suit was unsuccessful, as were his post-judgment motions and his appeal to the Sixth Circuit.[9]

Rather than accept the Sixth Circuit's ruling, Stephens proceeded to file an array of duplicative, claim-precluded, and frivolous lawsuits over the next three decades, all in a futile attempt to restore his disability benefits.

In 2009, this Court determined that Stephens was a vexatious litigant and enjoined him from filing further lawsuits or other documents without first seeking leave of court.[10]

On March 16, 2023, Stephens filed a pro se motion for leave to file before this Court.[11] The Court was unable to discern what cause of action Stephens sought leave to file and ordered Stephens to re-file his motion for leave to file.

On May 15, 2023, Stephens re-filed his motion for leave to file a motion to obtain a full and final settlement of his worker's compensation claim.[12] In that motion, Stephens alleged that Defendant Dow Chemical had agreed to—and failed to—pay him a settlement of $4,701,142,956.80.[13] In support of this claim, he attached to the motion only a copy of a settlement demand letter that he apparently filed in the Cuyahoga County Court of Common Pleas in 2017.[14] Stephens provides no evidence of any consent to settlement on

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at PageID #: 95.
[11] Doc. 9.
[12] Doc. 12.
[13] Doc. 12 at PageID #: 349.
[14] *Id.* at PageID #: 362–64.

- 2 -

Case No. 09-cv-1219
GWIN, J.

Dow Chemical's part or of an order from the state court approving the settlement, and the Court strongly cautions Stephens that any further attempts to characterize his demand letters as a full settlement agreement will be treated as an intentional effort to mislead the Court.

On July 14, 2023, Plaintiff filed a further motion to amend his pending motion for leave to file.[15] The Court was unable to discern the relevance of the additional briefing and exhibits supplied. But for the sake of completeness, the Court **GRANTS** the motion to amend the underlying motion to file.

Nevertheless, the Court finds that Stephens has failed to state a claim for which relief can be granted and that his motion for leave to file seeks only to relitigate an issue that he has litigated and lost many times over. Stephens's motion to file is **DENIED**.

IT IS SO ORDERED.

Dated:
August 4, 2023

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 13.